THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| Matthew Sund, | ) | |
| Plaintiff, | ) | Case No. 2:17-cv-00537 DS |
| vs. | ) | |
| | ) | MEMORANDUM DECISION AND ORDER |
| CUBES SELF STORAGE, | ) | |
| | ) | |
| Defendant. | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Plaintiff Matthew Sund, proceeding *pro se* and *in forma pauperis*, has filed a Civil Rights Complaint purporting to allege violation of 42 U.S.C. § 1985(3), apparently due to having his month-to-month self storage unit lease terminated.

To establish a conspiracy in violation of 42 U.S.C. § 1985(3), a plaintiff must show "(1) the existence of a conspiracy (2) intended to deny [the plaintiff] equal protection under the laws or equal privileges and immunities of the laws (3) resulting in an injury or deprivation of federally-protected rights, and (4) an overt act in furtherance of the object of the conspiracy." *Murray v. City of Sapulpa*, 45 F.3d 1417, 1423 (10th Cir. 1995) (citations omitted). Moreover, § 1985(3) only applies to "conspiracies motivated by some racial or perhaps otherwise class-based, invidiously discriminatory animus." *Tilton v. Richardson*, 6 F.3d 683, 685 (10th Cir. 1993) (internal quotation marks omitted), *cert. denied*, 510 U.S. 1093 (1994). The other class based animus does not, however, include conspiracies motivated by economic or commercial bias. *Id*.

The Court has reviewed Plaintiff's Complaint with the deference due his *pro se* status. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Because Plaintiff is proceeding *in forma pauperis*, the Court is directed to dismiss such a case at any time if it determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. 1915(e)(2)(B). The Court on its own also may dismiss a complaint pursuant to Fed. R. Civ. P 12(b)(6) for failure to state a claim. *Hall*, 935 F.2d at 1109-10.

Although the pleadings in *pro se* cases are to be liberally construed, "[t]he broad reading of the Plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Id. The Complaint must present sufficient allegations of fact, assumed to be true, that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must present "enough facts to state a claim to relief that is plausible on its face." *Id*. at 550.

The Court concludes that the brief allegations contained in Plaintiff's Complaint contain insufficient factual detail to support his purported claim. Among other things, Plaintiff has failed to allege a conspiracy or that it is motivated by a discriminatory animus.[1]

---

[1] Communication to Plaintiff from his prior counsel, attached to his complaint, suggests that his month-to-month Cubes lease was terminated after notice for reasons unrelated to discriminatory animus. *See* Compl. at p. 9.

Due to Plaintiff's *pro se* status, the Court grants him leave, if he so desires, to file an amended complaint no later than July 21, 2017. Failure to timely respond and/or to adequately plead sufficient facts and allegations in support of his claim will result in dismissal with prejudice.

IT IS SO ORDERED.

Dated this 28th day of June, 2017

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT